PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (973) 549-2532

*Admitted In:  NJ, NY, SC, DC, and PA*



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
WWW.GRSM.COM

March 12, 2019

<u>Via ECF</u>

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East | Courtroom 4F
Brooklyn, New York 11201

   Re: *Olga Madorskaya v. Frontline Asset Strategies, LLC*
     <u>Case No.: 1:19-cv-00895</u>

Dear Judge Chen:

  This firm represents the Defendant Frontline Asset Strategies, LLC ("Frontline") in the above-referenced matter.  In accordance with Your Honor's Individual Rules of Practice, Frontline respectfully writes to request a pre-motion conference seeking permission to file a motion to enforce the terms of settlement and dismiss the Complaint of Plaintiff Olga Madorskaya ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff has released her claims against Frontline, and therefore lacks standing to bring suit.  This letter summarizes the motion's basis.  Further, Second Circuit precedent establishes that the alleged misrepresentation set forth in Frontline's dunning letter is insufficiently material to state a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

***Background and Operative Facts.*** Plaintiff filed her Class Action Complaint on February 14, 2019 (the "Complaint"), alleging that a dunning letter that Frontline sent to Plaintiff on or about February 14, 2017 (the "Letter") on behalf of JH Portfolio Debt Equities, LLC ("JH Portfolio") was misleading because it itemized the account's details in a way that allegedly left Plaintiff "confused as to the supposed amount of the alleged debt."  *See* Compl. ¶ 25.  Further, Plaintiff alleges that Frontline violated the FDCPA by "illegally charging interest."  *Id.* at ¶ 24.  Prior to receiving the Letter, Plaintiff incurred a credit card debt from the original creditor, Citibank, N.A., with an account number ending in *8173 (the "Debt").  *See* Compl., Ex. A.  Plaintiff later fell behind on her payments and went into default.  *See generally,* Compl.  Citibank charged-off[1] the Debt and thereafter sold it to JH Portfolio.  *See id.*  JH Portfolio placed the Debt with Frontline to collect on its behalf.  *See id.*

  On or about February 14, 2018, Frontline sent a dunning letter to Plaintiff notifying her that she owed an outstanding balance of $7,590.41.  The Letter contained the following itemized account details:

---

[1] A charged-off debt is one that an original creditor characterizes as a loss as a result of the unlikelihood that the debtor will pay off the debt.  An original creditor will charge-off a debt when it is in delinquent status for an extended period.

Honorable Pamela K. Chen, U.S.D.J.
March 12, 2019
Page 2

| | |
|---|---|
| Total Amount Due: | $7,590.41 |
| Last Pay Date: | 04/10/2017 |
| Total Due as of Charge-off: | $7681.89 |
| Total Interest Accrued Since Charge-off: | $346.02 |
| Total non-interest Charges or Fee Accrued Since Charge-off: | $0.00 |
| Total Paid on Debt Since Charge-off: | $0.00 |

Compl. Ex. A.  On December 28, 2018, Plaintiff agreed to release all claims arising from the Debt against JH Portfolio and its agents in exchange for settlement of the debt in the amount of $3,500.00.  *See JHPDE Finance 1, LLC v. Olga Madorskaya*, Index No. 25255/18, Doc. 35 at ¶ 6.[2]  The operative release provision reads as follows:

> [Plaintiff], his/her heirs, successors, legal representatives, and assigns hereby release, acquit and forever discharge [JH Portfolio] and all of its affiliates, parents and/or subsidiaries, representative managing partners, officers, directors, shareholders, employees, agents, assigns, successors, attorneys, and all others associated hereto, from any and all claims, liabilities, demands, suits, and causes of action, whether vested or contingent, accrued or unaccrued, whether or not such claims were or could have been raised herein, or as a result of any activities related to the debt and/or [JH Portfolio's] account.

***Plaintiff's Complaint Should be Dismissed as a Matter of Law.***  Plaintiff has released any and all claims against JH Portfolio and its agents arising from any activities related to the debt and/or plaintiff's account.  "A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are 'clear and unambiguous'."  *Gaul v. Chrysler Fin. Servs. Ams., LLC*, 2014 U.S. Dist. LEXIS 51543, at *17 (N.D.N.Y. Apr. 14, 2014) (denying dismissal because the settlement agreement was not signed and the defendant could not establish that an oral agreement existed).  Here, there is a signed Settlement Stipulation filed with a New York state court.  The signed Settlement Stipulation states adequate consideration on its face:  Plaintiff agreed to release her claims that arise from the Debt, in exchange for a reduction in the amount of the outstanding balance owed on the Debt.  Because Frontline was acting as JH Portfolio's agent in collecting the Debt, Plaintiff is barred from bringing suit.

Further, Plaintiff fails to state a claim upon which relief may be granted and her Complaint should therefore be dismissed.  When analyzing whether collection notices violate the FDCPA, Second Circuit Courts are guided by two principles of statutory construction:  (1) that the FDCPA is construed liberally in order to eliminate abusive practices by debt collectors; and (2) that collection notices are analyzed as if perceived by the "least sophisticated consumer."  *See Gabriele v. Am. Home Mortg. Servicing*, 503 F. App'x 89, 94 (2d Cir. 2012); *McCrobie v. Palisades Acquisition XVI, LLC*, 2019 U.S. Dist. LEXIS 25457, at *7 (W.D.N.Y. Feb. 14, 2019); *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212 (2d Cir. 2018).

---

[2] Upon this Court's permission, Frontline will attach the Settlement Stipulation signed by Plaintiff and filed in Civil Court of the City of New York, County of Kings.

Honorable Pamela K. Chen, U.S.D.J.
March 12, 2019
Page 3

While "'[i]t is clear that Congress painted with a broad brush in the FDCPA' . . . not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Id.* at 213-214. Second Circuit courts "read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt." *Id.* A misrepresentation in a communication with a debtor is material only "if it is capable of influencing the decision of the least sophisticated." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (holding misrepresenting the identity of the original creditor is immaterial and not actionable under the FDCPA). Further, the FDCPA requires, under Second Circuit precedent, that a debt collector disclose that interest is accruing on a debt if it is indeed accruing. *See Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (holding collection notices were misleading and material considering interest was accruing at 500% annum). On the other hand, Under *Taylor*, there is no affirmative obligation to disclose that interest is *not* accruing. *See Taylor*, No. 886 F.3d at 214. (holding that a debt collector's presentation of a static debt as dynamic is not material under the FDCPA).

Here, Plaintiff points to the alleged misrepresentation in Frontline's Letter regarding the outstanding balance. However, Plaintiff does not allege that she does not owe the balance. Nor does she allege that she owes less than the amount stated that was due and owing (i.e., $7,590.41). Indeed, the lowest possible amount that the least sophisticated consumer would understand the Letter is seeking to collect is $7,590.41. Plaintiff points this out, stating "Plaintiff . . . was left confused as to the supposed amount of the alleged debt; $7,590.41, $7691.89, $7936.43 or 8,027.91?" Disregarding the plain indication that the "Total Amount Due" was $7,590.41, had Plaintiff paid the lowest amount of the four scenarios set forth by Plaintiff as the amounts she understood she might owe, she would have satisfied her Debt.

However, even if the least sophisticated consumer is confused between the difference between "total amount due" and "amount due as of charge-off," the Letter clearly indicates that "charge-off" occurred in the past.[3] Thus, the least sophisticated consumer would infer that the balance on the account was not *increasing*, but *decreasing*. Of course, what makes a misrepresentation material under the FDCPA is whether it is capable of inducing action or influencing the debtor's decision. Here, the Complaint doesn't support this notion because it fails to allege that Plaintiff indeed altered her actions or actually paid any amount towards the Debt.

Further, Frontline was not required to state that interest was not accruing on Plaintiff's debt. Neither does the Letter imply that interest was accruing. Most fatal, the Complaint does not allege what makes the alleged interest charge "illegal."[4] While the Letter states that interest had accrued "since charge-off," it is clear that the balance as of the date of the Letter was lower than the balance since charge off. Plaintiff is in the same position today as she was before she received the Letter. The Letter has not materially deceived Plaintiff, if it deceived Plaintiff at all. Therefore, Plaintiff has not suffered the type of harm that the FDCPA seeks to protect against.

*\*\*\**

---

[3] The Letter states the amount due at the earlier "charge off" date was lower than the amount due at the date of the letter. *See* Compl. Ex. A. The Letter uses the past-tense "since" when describing the term "charge-off." *Id.*

[4] Frontline, in fact, did not collect interest on the Debt.

Honorable Pamela K. Chen, U.S.D.J.
March 12, 2019
Page 4

      For these reasons, Defendants respectfully request a pre-motion conference to file a motion to enforce settlement terms and a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

      Respectfully submitted,

      GORDON REES SCULLY MANSUKHANI, LLP

      PETER G. SIACHOS

cc: All Counsel of Record (via ECF)