UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
OLGA MADORSKAYA, individually and
on behalf of all others similarly situated,

                    Plaintiff,                     **MEMORANDUM & ORDER**
                                                              19-CV-00895 (PKC) (RER)

              - against -

FRONTLINE ASSET STRATEGIES, LLC,

                    Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Olga Madorskaya, individually and purportedly on behalf of a class, brings this action against Defendant Frontline Asset Strategies, LLC, alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"). Pending before the Court is Defendant's motion to dismiss (Dkt. 16), which the Court denies for the reasons set forth below.

## BACKGROUND

### I. Relevant Facts[1]

Some time prior to February 14, 2018, Plaintiff incurred credit card debt on a Citibank N.A. account ending in 8173 for various personal expenses. (*See* Amended Complaint ("Am. Compl."), Dkt. 12, ¶¶ 12–16; Defendant's Collection Letter ("Letter"), Dkt. 12-1, at 1.) Citibank N.A. "charged off"[2] the debt and sold the balance of $7,681.89 to JH Portfolio Debt Equities, LLC

---

[1] The Court assumes the truth of the Amended Complaint's non-conclusory factual allegations. *See Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (*en banc*).

[2] An original creditor "charges off" a debt by characterizing the debt as a loss due to the likelihood that the debtor will never pay it off. *See Charge off*, Black's Law Dictionary (11th ed. 2019).

1

("JH Portfolio"), which hired Frontline to collect the debt. (*Id.* ¶¶ 17, 19.) At that point, Citibank N.A. allegedly ceased charging interest and late fees on the debt. (*Id.* ¶ 18.)

On or about February 14, 2018, Defendant sent Plaintiff a debt collection letter (the "Letter") (*see id.* ¶ 20), which stated, in part:

   Total Amount Due: $7,590.41
   Last Pay Date: 04/10/2017
   Total Due as of Charge-off: $7681.89
   Total Interest Accrued Since Charge-off: $346.02
   Total non-interest Charges or Fee Accrued Since Charge-off: $0.00
   Total Paid on Debt Since Charge-off: $0.00

(Letter, Dkt. 12-1, at 1.) The Letter included additional text in paragraph form, which stated: "As of the date of this letter, you owe $7,590.41. Go to our secure website, www.payfrontline.com, [to] make payment in full or to see what payment options may be available to you." (*Id.*) The Letter "confused" Plaintiff, who could not determine the amount of the debt owed. (Am. Compl., Dkt. 12, ¶ 26.)

## II. Procedural History

Plaintiff filed the instant putative class action on February 14, 2019. (Dkt. 1.) On March 12, 2019, Defendant filed a pre-motion conference request to discuss its anticipated motion to dismiss Plaintiff's Complaint. (Dkt. 7.) Plaintiff amended her Complaint as of right under Federal Rule of Civil Procedure 15(a)(1)(B) on May 24, 2019. (Dkt. 12.) Her Amended Complaint alleges several violations of the FDCPA. First, Plaintiff alleges that Defendant, through its collection letter, violated both 15 U.S.C. § 1692e(2), by falsely representing the amount of the debt owed, and § 1692e(10), by making a false and misleading representation. (Am. Compl., Dkt. 12, ¶ 44.) Second, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692f, which prohibits unfair or unconscionable debt collection practices, because Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt. (*Id.* ¶ 48.) Lastly, Plaintiff alleges that

Defendant violated 15 U.S.C. § 1692g(a)(1), which requires a debt collector to clearly notify the consumer as to the amount of the debt in the initial communication. (*Id.* ¶ 54.) Plaintiff brings her claims on behalf of two subclasses of individuals in New York who received a debt collection letter from Defendant, attempting to collect a consumer debt owed to JH Portfolio, between February 14, 2018 and March 7, 2019. (*Id.* ¶¶ 31–32.) Individuals in one class received letters in which Defendant attempted to charge interest, charges, or fees post charge-off; individuals in the second class received letters in which the total amount of debt as of charge-off, plus interest and/or non-interest charges or fees, did not equal the "Total Amount Due."[3] (*Id.*)

On June 11, 2019, Defendant renewed its request to file a motion to dismiss Plaintiff's Amended Complaint for substantially the same reasons as it sought to dismiss the original Complaint. (Dkt 13.) By Order dated June 26, 2019, the Court set a briefing schedule for the parties. Defendant's motion to dismiss was fully briefed on July 22, 2019. (Dkts. 16, 17.)

## STANDARD OF REVIEW

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it requires more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). Determining

---

[3] The format of the Letter is allegedly the same for both subclasses, but the contents, and whether the figures in the Letter add up, seem to differ as between the two subclasses.

3

whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citation omitted).

In addressing the sufficiency of a complaint, courts must "accept as true the factual allegations of the complaint, and construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar*, 585 F.3d at 567. Nevertheless, a court "need not credit conclusory statements unsupported by assertion of facts or legal conclusions . . . presented as factual allegations." *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). At the pleadings stage, the Court must limit its inquiry to the facts alleged in the complaint, the documents attached to the complaint or incorporated therein by reference, and "documents that, while not explicitly incorporated into the complaint, are 'integral' to plaintiff's claims and were relied upon in drafting the complaint." *Id.* (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991)).

**DISCUSSION**

**I.    Plaintiff Adequately States a Claim Under the FDCPA**

The FDCPA was enacted to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (quoting 15 U.S.C. § 1692e). The FDCPA imposes civil liability on debt collectors for certain prohibited debt collection practices, "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Comput. Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Furthermore, the FDCPA is "remedial in nature, [so] its terms must be construed in [a] liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (internal quotation omitted).

### A. Defendant Is a Debt Collector Under the FDCPA

To prevail on a claim under the FDCPA, a plaintiff must show that the following requirements are met:

> (1) the plaintiff [is] a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector," and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.

*Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (internal citation omitted). The FDCPA defines a "debt collector" as "any person (1) 'who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' or (2) 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Mullery v. JTM Capital Mgmt., LLC*, No. 18-CV-549 (LJV), 2019 WL 2135484, at *2 (W.D.N.Y. May 16, 2019) (quoting 15 U.S.C. § 1692a(6)).

Plaintiff alleges that Defendant is a debt collector as defined under 15 U.S.C. § 1692a(6) (Am. Compl., Dkt. 12, ¶ 11), while Defendant argues that it is not a debt collector under this definition because the FDCPA "does not apply to those who collect their own debts" unless they are "pretending to utilize an independent collector" (Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mot."), Dkt. 16-2, at 11 (citing *Sluys v. Hand*, 831 F. Supp. 321, 323 (S.D.N.Y. 1993))). In support of its position, Defendant maintains that Plaintiff's Complaint

alleged that Defendant purchased the debt from JH Portfolio[4] and, therefore, the FDCPA cannot apply to Defendant's collection of its own debt unless Defendant was utilizing a third-party alias to do so. (*Id.* at 12.) The relevant portion of the FDCPA excludes from the definition of "debt collector" a person collecting debt "which was originated by such person." 15 U.S.C. § 1692a(6)(F).

Plaintiff maintains that any pleading deficiencies were cured in the Amended Complaint and does not otherwise respond to Defendant's argument.[5] (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion ("Pl.'s Opp."), Dkt. 17, at 16 n.2.) The Court finds no meaningful difference between the allegations in the Complaint, as compared to those in the Amended Complaint, but nevertheless considers only the relevant allegations in the Amended Complaint. Plaintiff's Amended Complaint identifies JH Portfolio as the "current creditor" of the debt (Am. Compl., Dkt. 12, ¶ 17), and Defendant Frontline as the debt collector hired by JH Portfolio (*id.* ¶ 19).[6] The Amended Complaint does not otherwise explicitly allege that JH Portfolio sold the debt to Defendant, and the Letter, which is attached to and incorporated in the Amended Complaint, identifies JH Portfolio as the "current creditor to whom the debt is owed." (Letter, Dkt. 12-1, at 1.) The Letter further states: "Your current creditor has placed the above-mentioned account in our office to resolve" and also contains an "IMPORTANT NOTICE" that

---

[4] Defendant is referencing Plaintiff's initial allegation, which reads: "After purchasing the debt, Defendant began charging Plaintiff interest." (Complaint, Dkt. 1, ¶ 22.)

[5] The relevant portion of the Amended Complaint reads: "Upon information and belief, after purchasing the debt, Defendant began charging Plaintiff interest." (Am. Compl., Dkt. 12, ¶ 23.)

[6] The allegations read, in full: "Sometime prior to February 14, 2018, Citibank N.A. charged off the alleged debt at a balance of $7,681.89 and sold it to the current creditor, JH Portfolio Debt Equities, LLC. . . . Sometime prior to February 14, 2018, JH Portfolio Debt Equities, LLC hired the Defendant to collect on this debt." (Am Compl., Dkt. 12, ¶¶ 17, 19.)

6

"[t]his communication is from a debt collector and is an attempt to collect a debt." (*Id.*) The contents of the Letter, in conjunction with the majority of Plaintiff's allegations in the Amended Complaint, thus weigh against interpreting Plaintiff's vague allegation in the Amended Complaint to mean that Defendant purchased the debt from JH Portfolio and is issuing a collection letter on its own behalf. Accordingly, the Court finds that the Amended Complaint sufficiently alleges that Defendant Frontline is not collecting its own debt and, therefore, is a debt collector within the meaning of the FDCPA, and denies Defendant's motion to dismiss on this issue.

### B. Violations of Sections 1692e and 1692g

Section 1692e of the FDCPA prohibits a debt collector from making a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e. In the Second Circuit, two principles of statutory construction guide courts' assessments of alleged violations of § 1692e: (1) the FDCPA is liberally construed to effectuate its purpose of consumer protection, and (2) collection notices are analyzed from the perspective of the "least sophisticated consumer." *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) (internal citation omitted). The least sophisticated consumer test is an objective one that "pays no attention to the circumstances of the particular debtor in question." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). And, despite the name, the least sophisticated consumer is not wholly unsophisticated; they are "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Capital Mgmt. Servs. LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal quotations and citation omitted). Applying the standard of the least sophisticated consumer, a debt collector's representation is misleading or deceptive "if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

7

The Second Circuit reads a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) ("Several of our sister circuits have held that the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA. . . . We reach that conclusion here, adopting the persuasive reasoning of these courts of appeals."). The materiality requirement functions as "a corollary to the well-established proposition that [i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA]—even if it is false in some technical sense." *Id.* at 85 (brackets in original) (internal quotation and citation omitted). Simply put, a debt collector's statement is material if it is capable of influencing the decisions of the least sophisticated consumer. *See id.* at 86 (finding that statements identifying entity as a creditor were immaterial where they did not misrepresent "nature or legal status of the debt or undermine a [consumer's] ability to respond to the debt collection").

The relevant portion of the FDCPA requires that a debt collector clearly notify a consumer as to "the amount of the debt" in the initial communication or within five days after the initial communication. 15 U.S.C. § 1692g(a)(1). The least sophisticated consumer test also governs alleged violations of § 1692g, under which a collection notice must ensure that the least sophisticated consumer is able to "determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017).

Defendant argues that the alleged misrepresentations in the Letter are immaterial because Plaintiff did not make any payments toward the debt and thus is in "no worse a financial situation

8

today as a result of Frontline's Letter." (Def.'s Mot., Dkt. 16-2, at 17.) But Defendant misapplies the applicable standard, which does not require that a consumer be in a worse financial situation as a result of the alleged misrepresentation, but rather "focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'" *Cohen*, 897 F.3d at 86 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). Here, as the Court discusses *infra*, the information contained in the Letter is sufficiently ambiguous as to influence the decision-making ability of the least sophisticated consumer and thus satisfies the materiality requirement of the FDCPA.[7]

Here, Plaintiff alleges that the Letter implicated two subsections[8] of § 1692e: by "falsely representing the amount of the debt," per § 1692e(2), and by making a "false and misleading representation" of the amount of the debt owed, per § 1692e(10). (Am. Compl., Dkt. 12, ¶ 44.) Plaintiff also alleges that the Letter violated § 1692g(a)(1) by not notifying Plaintiff clearly as to the amount of the debt. (*Id.* ¶ 54.) Plaintiff relies on the purported ambiguity of the Letter's itemized totals for debt owed and interest accrued, arguing that the Letter leaves a consumer unable to ascertain the amount of the total debt owed because that person might assume that the "Total Amount Due" is $7,590.41, or instead read the amount due as the "Total Due as of Charge-off: $7,681.89," or, alternatively, add the "Total Interest Accrued Since Charge-off: $346.02" to either of these figures to reach totals of $7,936.43 or $8,027.91, respectively. (*Id.* ¶ 26.)

---

[7] Defendant notes that, should the Court reach this conclusion, Defendant has an affirmative defense of *bona fide* error under 15 U.S.C. § 1692k(c). The Court does not consider this purported defense at this stage of the proceedings because, "whether a debt collector is entitled to this defense is an issue of fact not appropriate for resolution on a motion to dismiss." *Wong v. Alt. Claims Mgmt., LLC*, No. 17-CV-3133 (ER), 2017 WL 5635533, at *3 n.4 (S.D.N.Y. Nov. 22, 2017) (citing *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 125 (2d Cir. 2011)).

[8] These two subsections "set forth a non-exhaustive list of practices that fall within" the realm of possible violations of Section 1692e. *Avila*, 817 F.3d at 75.

9

In support of this theory, Plaintiff relies on *Meola*, a decision from this district, in which a debt collection notice was found to be ambiguous because it listed a "current total balance," an "amount due at charge off" (that was equal to the stated "interest accrued since charge off"), and a separate "miscellaneous fees since charge off" amount, as well as "total payments since charge off." *Meola v. Asset Recovery Sols., LLC*, No. 17-CV-1017 (MKB) (RER), 2018 WL 5020171, at *3 (E.D.N.Y. Aug. 15, 2018), *report and recommendation adopted*, No. 17-CV-1017 (MKB) (RER), 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018) (denying motion to dismiss plaintiff's FDCPA claims where the ambiguity of the itemized totals rendered the least sophisticated consumer "unable to deduce the actual amount of the debt as of the date of the letter").

1. Total Amount of Debt Owed

With respect to the Letter's representation of the Total Amount of Debt Owed, the instant action is distinguishable from *Meola*, because, unlike the collection letter at issue in that case, Defendant's collection letter explicitly states that, "As of the date of this letter, you owe $7,590.41." (Letter, Dkt. 12-1, at 1.) Plaintiff nonetheless maintains that, as in *Meola*, a debtor could still have reasonably read the Letter to mean that the total amount due would be the sum of the accrued interest and the total due as of charge off. However, this argument cannot withstand the clear and unambiguous language of the Letter specifying the amount owed on the date on which the Letter was sent. Plaintiff's assertion that Defendant's motion can be granted only if the least sophisticated consumer would not reasonably add the $7,681.89 "Total Due as of Charge-off" to the $346.02 "Total Interest Accrued Since Charge-off," while perhaps theoretically correct, is irrelevant, since it ignores the facts in this case, which do not support a plausible inference that the least sophisticated consumer reasonably would make this mistake or be confused in this way.

10

Accordingly, the Court finds that the Letter was not misleading or ambiguous as to the Total Amount of Debt Owed, even to the least sophisticated consumer.

### 2. Accrued Interest and Fees

The Letter's inclusion of a non-zero amount of interest accrual remains, however, as a sufficient ground on which to deny Defendant's motion to dismiss. The Second Circuit's developing case law has addressed the disclosure of interest accrual in two sets of circumstances. Generally, "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Avila*, 817 F.3d at 76 (noting that to do otherwise could "mislead the least sophisticated consumer into believing that payment of the amount stated [would] clear her account"). However, if interest is not accruing on a debt, and a collection notice correctly states a debtor's balance without mentioning interest or fees, "then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." *Taylor*, 886 F.3d at 215.

In *Meola*, the court concluded that the opposite is true as well: "If a debt collection notice *incorrectly* states the consumer's balance while at the same time mentions, or at least implies, incorrectly, that interest and fees may be accruing," then the notice violates Section 1692g. *Meola*, 2018 WL 5020171, at *4 (emphasis in original). This reasoning turned, in part, on the non-zero amount of "interest accrued since charge-off" listed in the debt collection letter at issue, which, the *Meola* court found, created ambiguity for the least sophisticated consumer because it suggested that interest might accrue in the future. *See id.* at *3 ("If interest has accrued since charge off, it is quite reasonable to assume that it continues to accrue."). While the court in *Meola* was considering a claim brought only under Section 1692g, this Court concludes that the same reasoning applies here to Plaintiff's claims under Section 1692e, given the close interplay between

the statutory subsections. *See Taylor*, 886 F.3d at 215 ("read[ing] Sections 1692e and 1692g in harmony" to conclude that a collection notice was misleading under the former section and ambiguous under the latter).

The instant action constitutes a hybrid of these fact patterns. Here, the collection notice correctly stated Plaintiff's balance but also implied that interest and fees could be accruing, as the Letter lists: "Total Interest Accrued Since Charge-off: $346.02." (Letter, Dkt. 12-1, at 1.) Plaintiff plausibly alleges that this reference indicated that interest was accruing on the debt (Am. Compl., Dkt. 12, ¶ 23) and that Defendant was "illegally charging interest and fees" (*id.* ¶ 25). Defendant maintains that interest was not charged on the Debt and relies on *Taylor* for the proposition that debt collectors have "no affirmative obligation to disclose that interest is not accruing." (Def.'s Mot., Dkt. 16-2, at 14 (citing *Taylor*, 886 F.3d at 214).) However, this is an overbroad reading of *Taylor*, the facts of which are distinguishable from the situation presented here, where the collection letter showed a non-zero monetary value for accrued interest. *See Taylor*, 886 F.3d at 215 (concluding that a collection notice must correctly state a consumer's balance and not mention interest or fees in order not to be misleading if no interest or fees are accruing); *see also Dow v. Frontline Asset Strategies, LLC*, 783 F. App'x 75, 76 (2d Cir. 2019) (summary order) (relying on *Taylor* to find that a debt collection notice was not misleading where the itemized totals reflected a zero-dollar amount in interest, fees, and charges). *Taylor* is therefore inapplicable to the facts of this case, in which there is both a stated current balance and a non-zero amount of interest. The Court concludes that, as a result, under the FDCPA, the Letter should have provided information as to whether interest is accruing on the debt.

Defendant argues, alternatively, that even the least sophisticated consumer in this scenario would assume that interest was not accruing because, having not paid any interest on the debt, such

a consumer would see that the ostensibly more recent "Total Amount Due" is lower than the past "Total Due as of Charge-off" and simply assume that the debt would "deteriorate[] on its own," absent any interest payments. (Def.'s Mot., Dkt. 16-2, at 17.) However, and to reiterate, a debt collector's representation is misleading or deceptive "if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila*, 817 F.3d at 75 (quoting *Clomon*, 988 F.2d at 1319). Even assuming that the least sophisticated consumer could reasonably conclude that the debt is deteriorating of its own accord, such a consumer could also reasonably conclude that the $346.02 amount of interest accrued must still be paid. Thus, not only does Defendant's argument lack any precedential support, but it still fails to address why the least sophisticated consumer would reasonably ignore the non-zero amount of "Total Interest Accrued since Charge-off" without any information to otherwise confirm that the Total Amount Due was not accruing interest that would have to be paid in the future.

Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's claims under Sections 1692e(2), 1692e(10), and 1692g(a)(1) as to the accrual of interest on the debt. These claims shall proceed. *See Meola*, 2018 WL 5020171, at *3 n.1 ("Given that the parties have not conducted discovery on whether interest on this account has accrued and/or will continue to accrue, it would be premature to dismiss the amended complaint in light of the case law and [the debt collection letter's] ambiguity concerning whether interest and fees continue to accrue.").

### 3. Violation of Section 1692f

Plaintiff also claims that Defendant's alleged charging of interest on the debt, despite having "no contractual or legal right" to do so, violated § 1692f(1) of the FDCPA, which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the

debt or permitted by law," 15 U.S.C. § 1692f(1). (Am. Compl., Dkt. 12, ¶ 24.) Plaintiff makes out a plausible claim in this regard. "When assessing the lawfulness of the charge [under § 1692f], the relevant contractual relationship is that between Plaintiff and [creditor], not Plaintiff and [debt collector]." *Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 275 (E.D.N.Y. 2018); *see also Shami v. Nat'l Enterprise Sys.*, No. 09-CV-722 (RRM) (VVP), 2010 WL 3824151, at *4 (E.D.N.Y. Sept. 23, 2010) (denying motion to dismiss where it was unclear "whether the underlying contract between Plaintiff and the original creditor contemplated future transactional fees"). As in *Shami*, it is not clear here whether the original creditor, Citibank N.A., waived its right to charge interest or late fees on the debt in the future. However, because Plaintiff alleges so in her Amended Complaint[9]—giving rise to a plausible inference that any interest assessed after charge-off, as indicated in the Letter, violated § 1692f—dismissal of her claim would not be appropriate at this time.

## II. The Release Executed by Plaintiff Does Not Bar Her Claims at This Stage

At some point prior to November 7, 2018, Plaintiff was sued by an entity identified as "JHPDE Finance 1, LLC," in Kings County Civil Court, for recovery of a debt associated with what appears to be the same account at issue in this case, "Citibank 8173."[10] (*See* Exhibit B ("Release"), Dkt. 16-5, at 1.[11]) Plaintiff and JHPDE Finance 1, LLC reached a stipulated

---

[9] Plaintiff alleges in the Amended Complaint that Citibank, in fact, "ceased charging any interest and late fees, and waived any right to charge interest or late fees in the future" at the time it charged off Plaintiff's debt. (Am. Compl., Dkt. 12, ¶ 18.)

[10] *See* Index No. 25255/18.

[11] This lawsuit is not referenced in the Amended Complaint but is documented in Exhibit B to Defendants' motion, as indicated above.

14

settlement on November 7, 2018, as part of which Plaintiff agreed to pay $3,500 to settle the action. (*Id.*) The settlement also contained a clause (the "Release"), which reads in its entirety:

> [Plaintiff], his/her heirs, successors, legal representatives and assigns hereby release, acquit and forever discharge [JHPDE Finance 1, LLC] and all of its affiliates, parents and/or subsidiaries, representative managing partners, officers, directors, shareholders, employees, agents, assigns, successors, attorneys, and all others associated hereto, from any and all claims, liabilities, demands, suits, and causes of action, whether vested or contingent, accrued or unaccrued, whether or not such claims were or could have been raised herein, or as a result of any activities related to the debt and/or plaintiff's account.

(*Id.*) Defendant argues that Plaintiff's FDCPA claims are barred by the Release signed by Plaintiff and entity JHPDE Finance 1, LLC on November 7, 2018. (*See* Def.'s Mot., Dkt. 16-2, at 9.)

Defendant maintains that the Release covers the instant action, as the Letter identifies JHPDE Finance 1, LLC as the "current creditor to whom the debt is owed." (*See* Letter, Dkt. 12-1, at 1.) Plaintiff argues that JHPDE Finance 1, LLC is a corporate entity distinct from the creditor JH Portfolio Debt Equities, LLC named in the Amended Complaint and referred to in the Letter. (Pl.'s Opp., Dkt. 17, at 14.) Plaintiff and Defendant have each attached several relevant documents as exhibits to their motion briefing and request that the Court consider them in deciding Defendant's motion. Specifically, both parties have attached copies of the Settlement Stipulation (Dkts. 16-5, 17-3), and Plaintiff has filed as exhibits (1) corporate information for JH Portfolio Debt Equities, LLC (Dkt. 17-4), and (2) corporate information for JHPDE Finance 1, LLC (Dkt. 17-5). For the reasons set forth below, the Court takes judicial notice of these exhibits, but not for the truth of the matters asserted therein.

In determining the adequacy of a claim pursuant to Rule 12(b)(6), "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d

Cir. 2002)). Where the complaint does not incorporate a document by reference, the court may still consider it if the complaint "relies heavily upon its terms and effect" so as to render the document "integral" to the complaint. *DiFolco*, 622 F.3d at 111 (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). The "integral to the complaint" exception is also often recognized for extrinsic documents such as "contract[s] or other legal document[s] containing obligations upon which the plaintiff's complaint stands or falls." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). For a court to consider a document, even if the document is integral to the complaint, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *DiFolco*, 622 F.3d at 111 (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)). A Court may take judicial notice of public records integral to a complaint, but not attached to it, so long as the Court does not use such records to establish the truth of the matter asserted therein. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Even assuming, without deciding, that the Release and the documents proffered by the parties relating to the Release are integral to Plaintiff's Amended Complaint,[12] the Court still may only take judicial notice of their existence, but not their contents. There remains a material disputed issue of fact regarding the relationship, if any, between the entities JHPDE Finance 1, LLC, and JH Portfolio Debt Equities, LLC. Plaintiff points to the New York State Corporation

---

[12] Whether these documents are integral to the Amended Complaint is unclear. On the one hand, the Release and the related documents concern the debt at issue in this matter, and the parties seem to agree that these documents are integral to the Amended Complaint. *See Glob. Network Commc'ns, Inc.*, 458 F.3d at 157. On the other hand, the debt itself, and Defendant's right to collect on it, do not form the gravamen of this case; rather, it is the debt collection letter sent by Defendant that lies at the heart of Plaintiff's FDCPA claim. However, the Court need not resolve this issue because it does not affect the Court's decision with respect to the instant motion.

16

Division ("NYSCD") website, which allegedly reflects that JH Portfolio Debt Equities, LLC is a "foreign limited liability company organized under the laws of California," whereas JHPDE Finance 1, LLC is a "foreign limited liability company organized under the laws of Delaware." (Pl.'s Opp., Dkt. 17, at 14.) Regardless of their veracity, Plaintiff's assertions nevertheless are insufficient to negate an agent, successor, or affiliate relationship between the two entities, as the Release would encompass if it applied. At the same time, Defendant's invocation of the Release as a bar to Plaintiff's FDCPA claims is not sufficient for this Court to grant the claims' dismissal, so long as the parties dispute the identity of the parties to whom the Release applies. The Court, therefore, takes judicial notice of the Settlement Stipulation and of the NYSCD website pages but does not rely on them to establish the truth of the matters asserted therein.

Accordingly, the Court declines to grant Defendant's motion on the basis that the Release bars Plaintiff's FDCPA claims.

## CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss is denied, except as to Plaintiff's FDCPA claim based on the Letter's statement about the total amount of debt owed, *i.e.*, the "Total Amount Due." Plaintiff's individual and putative class claims under 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f(1), and 1692g(a)(1), based on the Letter's failure to clearly state whether interest on the debt is accruing or may accrue in the future, will proceed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 27, 2020
      Brooklyn, New York